# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06cr167-5

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| JIMMY DEAN SCOTT, JR., ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned upon a violation report filed in the above entitled cause on January 17, 2007 by the United States Probation Office. In the violation report the United States Probation Office alleged that the defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that the defendant was present with his counsel, attorney Walter E. Daniels, III, and that the Government was present through Assistant United States Attorney, Jill Rose, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant denied the allegations contained in the violation report that had been filed on January 17, 2007. The Government introduced, without objection, the violation report into evidence. Testimony was then presented by the Government through Officer Eric Simpson, United States Probation Officer, and Ramey Hilliard, Detective with the Buncombe County Sheriff's Office.

On August 7, 2006 the defendant was charged in a bill of indictment with conspiracy to traffic in cocaine base and cocaine. On October 11, 2006 a hearing was held in regard to the detention of the defendant. On that date, the undersigned entered an order releasing the defendant on a $25,000.00 unsecured bond. The undersigned further set conditions of release which included the following:

(r) That the defendant shall report, as soon as possible, to the Office of Probation and pretrial Services any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

The undersigned released the defendant into the custody of his mother and father, Mr. & Mrs. Jimmy Scott, Sr. The defendant was to reside with his mother and father in their home located at 22 Cedar Hill Circle, Asheville, NC.

On January 15, 2007 three black males wearing hoods over their heads and bandanas in the form of masks came into the home owned by Mr. and Mrs. Scott. At the residence were the defendant's sister, Monique, a minor child who was a relative of the defendant and the defendant's mother. Two of the intruders took the defendant outside of the residence for about five minutes. The other intruder threatened Mrs. Scott, the mother of the defendant, and also threatened the minor who was the relative of the defendant by placing a gun to her head. The intruders began looking in shoe boxes in the home owned by Mr. & Mrs. Scott and began demanding of the defendant for the defendant to tell them "where the money was". The defendant was then taken into his mother's bedroom where he was shot in the thigh by

the intruders. An investigation was made at the scene by officers of the Buncombe County Sheriff's Office. Neither the defendant nor his parents made any representation to the officers that the defendant had been charged in the United States District Court with the crime of conspiracy to traffic in cocaine or cocaine base.

The defendant was taken to the emergency room at Mission St. Joseph hospital in Asheville, NC. At that time, the defendant was interviewed by Det. Ramey Hilliard of the Buncombe County Sheriff's Office. Det. Hilliard asked the defendant and the defendant's father if the defendant had been in any type of trouble and neither one of them advised Det. Hilliard of the charges against the defendant in the United States District Court in this file. A few days thereafter, Det. Hilliard went to the home of the defendant and again interviewed the defendant concerning the events of January 15, 2007. At no time did either the defendant or his father, who was present, advised Det. Hilliard of the charges contained in file 1:06cr167-5.

On January 16, 2007, Eric Simpson, United States Probation Officer, received a telephone call from Agent Matt Barden of the Drug Enforcement Agency. Agent Barden indicated to Officer Simpson that he should contact Det. Hilliard concerning the injuries sustained by the defendant. Officer Simpson contacted Det. Hilliard and was advised that neither the defendant nor his father had made any reference whatsoever to the charges that were pending against the defendant in the United States District Court. As a result of the failure of the defendant and his parents to contact the United States Probation Office as they

had been instructed to do, Officer Simpson filed the violation report that was filed in this matter on January 17, 2007. At no time between the filing of the petition or the arrest of the defendant which took place on January 22, 2007, which was seven days after the date of the assault upon the defendant on January 15, 2007, did the defendant or his parents ever contact Officer Simpson to advise him of the events or the defendant's contact with Det. Hilliard.

Evidence was presented by the defendant from the defendant's mother. Mrs. Scott testified that she told Det. Hilliard about the charges that were pending against her son in the United States District Court but that she did not contact Officer Simpson. Mrs. Scott testified that she assumed that Det. Hilliard would talk to Officer Simpson.

The defendant had entered a plea of guilty, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, on December 18, 2006 to the charge contained in the bill of indictment.

**Discussion**. Based upon the evidence, there has been shown by clear and convincing evidence that the defendant violated a condition of release in that the defendant violated the term and condition of release that required the defendant to report as soon as possible to the Office of Probation and Pretrial Services any contact that he had with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop. Det. Hilliard questioned the defendant concerning the events of January 17, 2207. Despite being questioned by Det. Hilliard, the defendant did not report the questioning or the events of January 17, 2007 to Officer Simpson as he was required to do. The defendant was

4

specifically required by this court to inform his probation officer of this contact with the detective.

The undersigned has further considered the factors as set forth under 18 U.S.C. § 3142(g). The events of January 15, 2007 show that the release of the defendant would create a danger to any person in the community. The release of the defendant would create a danger to the defendant himself as has been clearly evidenced by the events of January 15, 2007. Further, the release of the defendant to the custody of his parents would create a risk of danger to both his parents and to the minor children who are residing in the defendant's parent's home.

At the time of the release of the defendant, this court read to the defendant all of the conditions of release, including the condition requiring the defendant to report any contact that he had with any law enforcement officer. After reading those conditions to the defendant, the undersigned required that the defendant sign an acknowledgment that he was aware of the conditions of release and that he promised to obey all of the conditions of release. This defendant has clearly failed to do.

It appears there is no condition or combination of conditions of release that would assure that the release of the defendant would not pose a danger to the safety of any other person or the community as set forth above. It is further the opinion of the undersigned that based upon the defendant's actions that it is unlikely that the defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the

unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

**ORDER**

WHEREFORE, IT IS **ORDERED** that the unsecured bond and the terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that the defendant be detained pending sentencing and further proceedings in this matter.

Signed: January 31, 2007

Dennis L. Howell
United States Magistrate Judge